United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YUCOB RYLANDER, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-25-4211 |
| § | |
| JOSEPH VASQUEZ, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Yucob Rylander is a plaintiff in a case against the Texas Department of Family & Protective Services in the 507th Judicial District Court of Harris County (Cause No. 2025-18063). (*See* Docket Entry No. 7 at 8). He alleges that on July 3, 2025, he filed a motion for sanctions but that Joseph Vasquez, a court clerk, "subsequently accessed the filing system and intentionally altered the official docket to reflect that" the motion "was filed on June 23, 2025—a date ten days prior to its actual submission" and before the hearing occurred. (*Id.*). He alleges that this was not a clerical error but instead an intentional, illegal act done without the approval of a judge. (*Id.* at 8–9). He alleges that "the presiding judge, relying on the inaccurate docket, was unaware of the timely filed motion" and that the motion "was therefore not considered," denying him "a meaningful opportunity to be heard on his request for sanctions." (*Id.* at 8). He alleges a violation of his constitutional rights under 42 U.S.C. § 1983. (*Id.* at 9).

Vasquez has moved to dismiss the complaint. (Docket Entry No. 10). The motion is granted because Rylander cannot establish a violation of his constitutional rights. The alleged violation is that Vasquez docketed his motion on the wrong date, and the harm alleged is that the judge did not consider his motion at a particular hearing. (*See* Docket Entry No. 7 at 8). A plaintiff

does not have a constitutional right to have a completely accurate court docket, nor does a plaintiff have the right to have a particular motion considered on a particular day or at a particular hearing. *Cf. Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (per curiam) ("Control of the docket is a function for which judges are entitled to absolute immunity."); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) ("It is clear that a district court does, and indeed must, have the power to control and direct the cases on its docket."). The relevant right is meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that plaintiff had the right to meaningfully access the courts, not the "freestanding right to a law library or legal assistance"). To state such a claim on the alleged facts, Vasquez must include in his complaint allegations that his motion for sanctions was denied with prejudice, and denied only for the reason that the motion was misdated on the docket. *See id.* (requiring the plaintiff to show, for example, "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known"). Vasquez's complaint does not include such allegations, so his complaint fails to state a claim for relief.

The court dismisses Vasquez's complaint on the merits, rather than for lack of standing, because when "courts assess standing, they "assum[e] that on the merits the plaintiffs would be successful in their claims." *In re New Era Enters. Inc. Data Incident Litig.*, No. CV H-25-732, 2026 WL 303547, at *2 (S.D. Tex. Feb. 4, 2026) (alteration in original) (quoting *Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1211 (11th Cir.), *cert. denied*, 146 S. Ct. 298 (2025)). Courts must "accept[] the plaintiff's interpretation of the constitutional . . . laws on which the complaint relies." *Polelle*, 131 F.4th at 1211 (quoting *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021)). The conclusion that Vasquez's constitutional rights are not infringed is a merits

2

determination. *See Polelle*, 131 F.4th at 1211–12 & n.7 (citing *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1092 (10th Cir. 2006) (en banc)).[1]

Vasquez's motion to dismiss, (Docket Entry No. 10), is granted, with prejudice. The motion to dismiss is granted with prejudice because Rylander already amended his complaint, and amendment would be futile. There is no basis to conclude that Rylander can plead, consistent with Rule 11, that the alleged misdocketing of the date of his motion for sanctions denied him the opportunity to present the motion to the state court. Final judgment will be entered separately.

SIGNED on February 25, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] Resolving the case on standing is inappropriate because Rylander suffers an Article III pocketbook injury by incurring litigation costs to re-urge his motion and to appear in court on an additional occasion to argue it.